FILED
SUPERIOR COURT
OF GUAM

2024 MAR -5 PM 3: 02

CLERK OF COURT

BY:_____!QM)_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Superior Court Case No. CF0341-22 |
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER DENYING** |
| JUAN SAN NICOLAS CHARGUALAF, | ) | **PRE-TRIAL RELEASE** |
| DOB: 09/27/1999 | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Honorable Benjamin C. Sison, Jr. on December 22, 2023, upon motion by Juan San Nicolas Chargualaf ("Defendant") for pre-trial release. At the hearing, Defendant was present along with Public Defender Stephen P. Hattori. Assistant Attorney General Daniel G. Morris was present on behalf of the People of Guam. After considering the parties' arguments, as well as the underlying record and applicable case law, the Court hereby issues the following Decision and Order **DENYING** pre-trial release.

### BACKGROUND

On May 21, 2022, the People of Guam charged Defendant with two counts of Second Degree Robbery (as a Second Degree Felony) and two counts of Third Degree Robbery (as a Third Degree Felony), each of which also included a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony. *See generally* Am. Mag. Compl. (May 21, 2022). These charges stem from two alleged incidents on May 19, 2022. In one incident, Defendant allegedly entered Inarajan Market, brandished a gun and a knife to a worker there, and then stole a cash register tray. Decl. Minji E. Kim at 1 (May 21, 2022). In the second incident, Defendant and a co-actor allegedly traveled to First Beach, brandished a gun and a knife to a third individual, and then stole the individual's vehicle. *Id.* Defendant has allegedly admitted to police that he participated in the vehicle theft at First Beach, although he has denied possessing any weapons

during the incident. *Id.* Defendant also has allegedly admitted that he was present for the robbery at Inarajan Market, but claims his co-actor was the one who demanded and then stole the cash register tray. *Id.* At the Magistrate's Hearing, the Court denied Defendant's release on personal recognizance and instead imposed a $10,000 cash bail. *See* Commitment Order (May 21, 2022).

In December 2022, Defendant moved for a bail redetermination, seeking release on personal recognizance or upon participation in the Judiciary's Electronic Monitoring program. *See* Minute Entry (Jan. 6, 2023). On January 6, 2023, the Court agreed to release Defendant, conditioned upon, *inter alia*, his participation in the Electronic Monitoring program. *See* Order of Conditional Release and Appearance Bond (Jan. 6, 2023).

On March 24, 2023, the Court issued a Warrant of Arrest after receiving notice that Defendant had violated the conditions of the Electronic Monitoring program. Defendant was arrested thereafter and has remained in custody since his arrest. On November 30, 2023, Defendant again moved for pre-trial release, prompting the hearing on December 22, 2023.

## DISCUSSION

Under Guam law, there is a presumption that a defendant shall be released pending trial, subject to conditions ordered by the Court. *See* 8 GCA § 40.10. A defendant shall be released on his personal recognizance unless the Court determines "that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 8 GCA § 40.15(b); *see also People v. Song*, 2011 Guam 19 ¶ 11 (describing these as "the only authorized interests" for bail determination). To determine whether there is a substantial risk of nonappearance or endangerment of others, the Court considers the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged [. . .];
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c). When the Court finds that release on personal recognizance will *not* reasonably assure the appearance of the Defendant, or will endanger the safety of others in the community, the Court "shall impose the least onerous . . . conditions which [are] reasonably likely to assure the person's appearance as required and the safety of any other person and the community." 8 GCA § 40.20. The Court finds that several of the 8 GCA § 40.15(b) factors counsel against Defendant's release at this time.

With respect to 8 GCA § 40.15(b)(1), the Court first notes that defendant is charged with four felony offenses, each of which involves a threat of violence towards members of the community, and four corresponding Special Allegations, each of which involves the use of weapons in making those threats. Thus, the "nature of the offenses" here suggests that Defendant may pose a threat of violence to the community. Second, the apparent possibility of conviction on the felony charges appears to be high, since Defendant has allegedly confessed to being present for the incidents in question. Third, the likely sentence here is significant, since defendant is charged with two Second Degree Felonies, two Third Degree Felonies, and four Special Allegations. Under 9 GCA § 80.30, the Second Degree Felonies are each punishable by up to 10 years of imprisonment, and the Third Degree Felonies are each punishable by up to 5 years imprisonment. And under 9 GCA § 80.37(a)(1), the Special Allegations are each punishable by a *minimum* of 5 years imprisonment, which must be imposed consecutively to the underlying felony itself. Accordingly, there is a strong possibility that Defendant could face a long prison sentence. Thus, each of the subsection (b)(1) factors weigh in favor of nonappearance or endangerment of others, and thus against Defendant's release.

With respect to 8 GCA § 40.15(b)(3), the Court again notes that Defendant is accused of threatening violence, and of using weapons while making those threats. The Court also finds it significant that Defendant is accused of perpetrating two separate incidents involving violent

3

threats, and that both incidents allegedly occurred in public spaces. This suggests to the Court that Defendant's release could pose a threat to the overall safety of the community.

With respect to 8 GCA § 40.15(b)(5), the Court notes that Defendant has a Ohio Risk Assessment System (ORAS) score of Moderate, which indicates that Defendant may pose a medium risk of recidivism if released. While this assessment is not dispositive in the Court's analysis, it is further evidence that Defendant may pose a continuing threat to the community.

Finally, with respect to 8 GCA § 40.15(b)(6), the Court finds it highly significant that Defendant already had, but squandered, an opportunity for pre-trial release. In January 2023, the Court released Defendant subject to his enrollment in and compliance with the Electronic Monitoring program; shortly thereafter, Defendant violated the terms of the program, which required the Court to issue a warrant for his arrest. Given Defendant's prior non-compliance with release conditions, the Court is concerned that Defendant may be unable or unwilling to comply with release conditions now.

## CONCLUSION

Based on the above factors, the Court finds that Defendant continues to pose a threat to the community and continues to pose a threat of non-compliance with pre-trial release conditions. Accordingly, the Court finds that Defendant's posting of a $10,000 cash bail remains the "least onerous condition" that will protect the safety of the community and ensure Defendant's court appearances. Accordingly, Defendant's motion for pre-trial release is **DENIED.**

SO ORDERED this March 4, 2024 day of January, 2024.

HONORABLE BENJAMIN C. SISON, March 4, 2024
Magistrate Judge, Superior Court of Guam

4